The People of the State of New York, Respondent,
against
Paola Toribio, Appellant. 




Alan Ross, for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Jonathan K. Yi of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Gia L. Morris, J.), rendered December 12, 2017. The judgment convicted defendant, upon her plea of guilty, of tampering with public records in the second degree, and imposed sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]), seeking leave to withdraw as counsel.




ORDERED that the appeal is held in abeyance, the application by assigned counsel for leave to withdraw as counsel is granted and new counsel is assigned pursuant to article 18-B of the County Law to prosecute the appeal;
Steven A. Feldman, Esq.
626 Reckson Plaza
West Tower, 6th Floor 
Uniondale, NY 11556.
New counsel is directed to serve and file a brief within 90 days after the date of this order and decision. The People may serve and file a respondent's brief within 21 days after the service [*2]upon them of the appellant's brief. Appellant's new counsel, if so advised, may serve and file a reply brief within seven days after the service of the respondent's brief. Relieved counsel is directed to turn over all papers in his possession to the newly assigned counsel.
Assigned counsel submitted a brief in accordance with Anders v California (386 US 738 [1967]), setting forth his conclusion that there exist no nonfrivolous issues that could be raised on appeal. An independent review of the record, however, reveals that nonfrivolous issues exist pertaining to whether the count in the accusatory charging defendant with tampering with public records in the second degree, to which count defendant ultimately pleaded guilty, was facially sufficient (see CPL 180.50 [3] [a] [iii]; People v Mason, 62 Misc 3d 75 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). 
Accordingly, we grant assigned counsel's motion to withdraw as counsel, and, in light of the risk inherent in the issue, given that defendant was originally charged with two felonies (see CPL 470.55 [2]), we assign new counsel, pursuant to article 18-B of the County Law, to ascertain whether defendant desires to raise the issue set forth above, and to prosecute the appeal on defendant's behalf with respect to this issue or any other issue that can be identified.
PESCE, P.J., WESTON and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 09, 2019